**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID TOM,

Plaintiff,

v. Case No.: ____________________

PREMIUM MERCHANT FUNDING ONE, LLC,

Defendant.

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION:

Defendant PREMIUM MERCHANT FUNDING ONE, LLC ("Defendant"), by and through undersigned counsel, hereby removes to this Court the above-captioned civil action currently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2026-CA-016169-XXCA-BC. Removal is made pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and in support thereof Defendant states as follows:

## I. THE STATE COURT ACTION

1. On or about February 13, 2026, Plaintiff David Tom ("Plaintiff") filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, styled

David Tom v. Premium Merchant Funding One, LLC, assigned Case No. 05-2026-CA-016169-XXCA-BC (the "State Court Action").

2. In the Complaint, Plaintiff asserts claims against Defendant under (a) the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), specifically 47 U.S.C. § 227(c)(5) and its implementing regulations at 47 C.F.R. § 64.1200; and (b) the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). Plaintiff seeks statutory damages totaling $91,500.

3. Defendant was served with the Summons and Complaint on or about March 13, 2026 ("Service Date"). A true and correct copy of the Summons and Complaint served upon Defendnat is attached hereto as Composite Exhibit A, comprising all process, pleadings, and orders served on Defendant in the State Court Action, as required by 28 U.S.C. § 1446(a).

4. No further proceedings have been had in the State Court Action and no orders have been entered in that action other than those included in Exhibit A.

## **II. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331**

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which vests federal district courts with jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

6. Plaintiff's Complaint arises under federal law, specifically, the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute enacted by

Congress and codified in Title 47 of the United States Code. The Complaint expressly invokes 47 U.S.C. § 227(c)(5) as the basis for Plaintiff's federal claims. See Compl. ¶¶ 1, 5, 7.

7. The United States Supreme Court has confirmed that federal district courts have federal question jurisdiction over private TCPA suits brought by consumers. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012) ("We hold that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). This action is therefore properly removable to federal court.

8. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a), which authorizes removal of any civil action of which the district courts of the United States have original jurisdiction. This Court's jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331 because the Complaint presents a federal question on its face, namely, alleged violations of a federal statute, the TCPA.

## III. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

9. In addition to the federal TCPA claims, Plaintiff asserts claims under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059. See Compl. ¶¶ 2, 5, 8.

10. This Court has supplemental jurisdiction over Plaintiff's state law FTSA claims pursuant to 28 U.S.C. § 1367(a), which provides that federal district courts shall have supplemental jurisdiction over all claims that are part of the same case or controversy under Article III

of the United States Constitution as the claims over which the court has original jurisdiction.

11. Plaintiff's FTSA claims and his TCPA claims arise from the same nucleus of operative facts. The same alleged telephone calls and text messages made to Plaintiff's cellular telephone number over the same period of time, and in connection with the same alleged telemarketing activity. The state and federal claims are therefore part of the same case or controversy within the meaning of 28 U.S.C. § 1367(a), and this Court may properly exercise supplemental jurisdiction over the FTSA claims.

12. No basis exists to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). The FTSA claims do not raise a novel or complex issue of Florida law that would predominate over the federal questions, nor do any other exceptional circumstances warrant declining supplemental jurisdiction.

## IV. VENUE IS PROPER IN THE ORLANDO DIVISION

13. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1441(a), which provides that a removed action shall be brought in the district court of the United States for the district and division embracing the place where the state court action is pending.

14. The State Court Action is pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida. Brevard County is located within the Middle District of Florida and within the Orlando Division of that district, pursuant to 28 U.S.C. § 89(b)

and Middle District of Florida Local Rule 1.04(b). The Orlando Division is therefore the proper division for removal.

## V. REMOVAL IS TIMELY

15. This Notice of Removal is timely filed within thirty (30) days of service of the Complaint upon Defendant, as required by 28 U.S.C. § 1446(b)(1). Defendant was served with the Summons and Complaint on or about March 13, 2026. This Notice of Removal is filed on March 27, 2026, which is within thirty (30) days of that service date.

16. No prior Notice of Removal has been filed in this action. This is Defendent's first and only Notice of Removal.

## VI. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Composite Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal with this Court, Defendant will file a copy of this Notice with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, in the State Court Action, thereby effecting the stay of all further state court proceedings. Written notice of this removal will simultaneously be given to Plaintiff at his address of record: 1058 Herne Ave, Palm Bay, Florida 32907, and by electronic mail to david.m.tom@gmail.com.

19. Defendant is the only named defendant in this action. Consent of all defendants to removal is therefore not required beyond Defendant's own filing of this Notice. See 28 U.S.C. § 1446(b)(2)(A).

20. Defendant will file a Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Middle District of Florida Local Rule 3.03 within fourteen (14) days of the filing of this Notice, as required.

21. By removing this action, Defendant does not waive any defenses, objections, or motions available under federal or state law, including but not limited to the right to challenge the legal sufficiency of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and all affirmative defenses previously identified. All such rights are expressly reserved.

**WHEREFORE**

Defendant PREMIUM MERCHANT FUNDING ONE, LLC respectfully requests that this Court:

(a) Assume full jurisdiction over this action as removed from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida;

(b) Issue such orders and take such other action as may be necessary to stay all further proceedings in the State Court Action; and

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Bradley Yucht
Bradley Yucht
Florida Bar No.: 1039882
Attorney for Defendant Premium Merchant Funding One, LLC
55 Water Street, 50th Floor
New York, NY 10041
Telephone: 646-845-1892
Email: byucht@pmfus.com

Date: March 27, 2026

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 27, 2026, the foregoing Defendant's Notice of Removal was filed with the Clerk of the United States District Court for the Middle District of Florida via CM/ECF. I further certify that on the same date:

(1) A true and correct copy of this Notice of Removal was filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, in Case No. 05-2026-CA-016169-XXCA-BC, pursuant to 28 U.S.C. § 1446(d); and

(2) Written notice of this removal was served on Plaintiff, pro se, by first-class U.S. mail to 1058 Herne Ave, Palm Bay, Florida 32907, and by electronic mail to david.m.tom@gmail.com.

By: /s/ Bradley Yucht
Bradley Yucht

**EXHIBIT A**

**IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT,**
**BREVARD COUNTY, FLORIDA**

**DIVISION: CIVIL** **CASE NUMBER: 05 - - - - -**

**PLAINTIFF**
David Tom

***CLOCK IN*** **05-20**26 **-**CA **-**016169 **-** XXCA **-BC**

**DEFENDANT**
PREMIUM MERCHANT FUNDING ONE, LLC

**SUMMONS**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:

**DEFENDANT TO BE SERVED:**
PREMIUM MERCHANT FUNDING ONE, LLC
80 STATE STREET
ALBANY, NY 12207

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the above named defendant.

Each defendant is required to serve a copy of written defenses to the complaint or petition on the above named Plaintiff or Plaintiff's Attorney, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, P.O. Box 219, Titusville, FL 32781-0219, either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**Natural persons must read the reverse side of this SUMMONS for important information.**

IN WITNESS WHEREOF, I hereunto set my hand and Official Seal on the 13 day of FEBRUARY, 20 26, in Brevard County, Florida.

Elizabeth Johns

Deputy Clerk:
Brevard County Clerk of Courts

Law 137 / Rev. 01-18-2024

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney".

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la llamada telefonica no lo protegera; si usted desea que el tribunal incluyendo el numero del caso y las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo eviso del tribunal. Existen otros requistitos legales. Si lo desea, puede abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante)

**IMPORTANT**

Des poursuites judiciaries ont eta entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrita a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de le telphone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, evec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la uite, sans aucun preavis ulterieur du Tribunal. II y a d'autres obligations juidiques et vour pouvez requerir les services immediats

d'un avocat. Si your ne connaissez pas d'avocat, yous pourriez telephoner a un service de reference d'avacoats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il yous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocipie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney". (Plaignant ou a son avocat) namme ci-dessous.

David Tom
Plaintiff / Plaintiff's Attorney

1058 Herne Ave
Address

1058 Herne Ave
Address

Palm Bay FL 32907
City State Zip

05-2026-CA-016169-XXCA-BC

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

Case No:

DAVID TOM,

Plaintiff

v.

PREMIUM MERCHANT FUNDING ONE, LLC

Defendant

COPY-ORIGINAL WAS FILED
RACHEL M. SADOFF
2026 FEB 13 A 8: 36
FILED IN MLB
CLERK OF CIR. CT.
BREVARD CO. FL

## COMPLAINT AND REQUEST FOR JURY TRIAL

1. Plaintiff, DAVID TOM ("Tom"), brings this action under federal law - the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) ("TCPA").

2. This action is also brought under state law - the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059 as amended by Senate Bill No. 1120 (effective July 1, 2021).

3. This action is brought against PREMIUM MERCHANT FUNDING ONE, LLC, (a New York LLC, hereafter "PMF") and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

4. As the Supreme Court has explained, Americans passionately disagree about many things. The American people are largely united in their disdain for telemarketing calls. The Federal Trade Commission and Federal Communications Commission both

receive a staggering number of complaints about telemarketers each year. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits telemarketing to cell phones and home phones. Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

5. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227(c)(5), and its implementing regulations, 47 C.F.R § 64.1200 as well as violations of Florida Statutes § 501.059, the Florida Telephone Solicitation Act ("FTSA") as amended by Senate Bill No. 1120 (effective July 1, 2021).

6. This case involves a telemarketing campaign that benefits all Defendants despite not having the required consent to contact Plaintiff, despite not having an existing business relationship with Plaintiff, and by Defendants / agents working on behalf of Defendants failing to immediately identify a true first and last name/company name/beneficiary of such marketing in violation of FTSA and using a spoofed name/caller ID information transmittal in violation of FTSA as well as violations of TCPA.

**JURISDICTION & VENUE**

7. This court has subject matter over this action for BOTH Federal and State Claims. Federal claims are pursuant to 47 U.S.C. § 227(c)(5) which reads:

> *(3) PRIVATE RIGHT OF ACTION. —A person who has received more than one telephone call within any 12-month period by or on behalf of the same*

> *entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State — (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*

8. This court has jurisdiction over Plaintiff's state law claims under the FTSA. Such claims arise out of the same set of factual allegations as Plaintiff's TCPA claims in this action.

9. With specific regard to federal question claims relating to the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq) – Justice Ginsburg during her service on the U.S. Supreme Court wrote for a unanimous court in *Mims v. Arrow Financial*

*Services, LLC* in 2012 finding that such claims may proceed in state or federal courts as state and federal courts have concurrent jurisdiction in private rights of action.

10. Therefore, this court has jurisdiction over Defendants because this suit arises out of and relates to Defendants having made or caused to be made telephonic sales calls without the requisite prior express written consent in violation of the TCPA and FTSA and specifically targeted a Brevard County, Florida Telephone number which was answered by Plaintiff while physically within Brevard County, Florida.

## **PARTIES AND FACTUAL BACKGROUND**

11. At all times material hereto, Plaintiff is a resident of the State of Florida, is and was a resident of Brevard County, Florida.

12. At all times material hereto, all Defendants in this action are located in New York.

13. Tom maintains a cellular telephone number registered on the Federal do not call list database since June 28, 2003. A true and correct copy of the federal registry inquiry is attached hereto and incorporated herein by reference as **Plaintiff's Exhibit "A".**

14. Tom is and at all times relevant hereto, was an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of the telephone number that received Defendant's telephonic sales call.

## **THEORY OF LIABILITY**

15. Plaintiff receives a large quantity of telemarketing calls daily.

16. These calls are pitching insurance of all varieties, roofing, solar panels, erectile dysfunction medication, offers to sell or buy property, mortgage refinancing,

extended auto warranties, and countless other products and services he has no interest whatsoever in purchasing, or in this case – financing options for a business.

17. There are also text messages that are unsolicited that come in from time to time pitching the same.

18. Plaintiff first was contacted in February of 2022 by PMF pitching merchant cash advance financing from "Zach at Premium" with calls and text messages throughout February – totaling three calls and three text messages. The caller ID stated TELEMARKETER on the phone.

19. Shortly after the calls, Plaintiff sent certified mail to PMF and emailed the company COO, Abe Burger to indicate he did not want to be called and Mr. Burger promised a review after an investigation.

20. After the call with Mr. Burger, another call from PMF came in about an hour later still pitching merchant cash advance proposals at about 510PM on March 2nd.

21. Despite the seemingly productive dialogue, Plaintiff was called again by "Dylan" in July of 2022.

22. Plaintiff emailed Mr. Burger requesting he look into this issue and investigate and explain how the lead was sourced and was provided neither.

23. Another series of calls call came in on or about May and June 2024 from a rep claiming to be from Quick Funds 247 as a branch of PMF with a caller ID reading "PLIVO".

24. Quick Funds 247 requested bank statements to put together a deal, Plaintiff sent bank statements and shortly after Peter Fireman from PMF called stating that he got the statements and was working on a deal.

25. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

26. Text messaging continued in September of 2024 with messages saying “PMF: Hi David the capital you want to secure is this for business expansion or to consolidate current lending debt?”

27. Plaintiff was called again March 8th of 2024 by PMF. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

28. December 2024 Plaintiff was text messaged blasted by PMF pitching reduced rates and long-term business financing.

29. Plaintiff replied “don’t text me” and text messages continued to come in. Three messages were sent from 929-723-2608.

30. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

31. Monday, November 10th 2024 Plaintiff got a text message from PMF from 818-651-8099 pitching unsecured funding up to 5 million dollars and told the rep not to text and the rep texted back his phone number.

32. The caller ID of “818-651-8099” did not identify PMF but rather “Agoura Hills, CA”.

33. Plaintiff was called multiple times by “Quick Funds 247” fishing for bank statements and viable lead information to sell on to businesses in PMF’s space.

34. Once Plaintiff provided bank statements and answered their questions, agents from PMF reached out stating that they got the information and bank statements and would be ready to prepare a proposal.

35. Therefore, it is logical to conclude that calls made directly by PMF to Plaintiff are violative of TCPA and FTSA as well as the calls made by their marketing partner.

36. Plaintiff estimates that he has gotten at least 20 calls and text messages over the years from PMF and agents working on behalf of PMF.

37. Plaintiff therefore requests damages on 20 calls and text messages violative of TCPA and FTSA as well as failure to produce Do Not Call Policy and failure to transmit correct caller ID information on all calls.

38. Based on plaintiff's multiple requests to not call and text, all violations constitute knowing and willful violations of TCPA and FTSA and plaintiff requests damages as follows:

TCPA – 20 violations of calls and texts at $1,500 each - $30,000

TCPA – Failure to provide Do Not Call Policy - $1,500

TCPA – 20 violations of failure to transmit accurate caller ID information - $30,000

FTSA – 20 violations of calls and or texts at $1,500 each - $30,000

Total: $91,500

**<u>REQUEST FOR A JURY TRIAL</u>**

39. Plaintiff hereby requests a jury trial on all issues so triable.

Dated: 2/12/26,

Respectfully Submitted,

David Tom
For Plaintiff, David Tom - Pro Se
1058 Herne Ave
Palm Bay, Florida 32907
321-725-9212
david.m.tom@gmail.com

Gmail

**David Tom <david.m.tom@gmail.com>**

---

## National Do Not Call Registry - Your Registration Is Confirmed

1 message

---

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, May 24, 2022 at 7:22 PM
To: david.m.tom@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 0760 on June 28, 2003. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

**************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

tabbies
PLAINTIFF'S EXHIBIT
"A"