05-2026-CA-016169-XXCA-BC

**IN THE CIRCUIT COURT OF**
**THE EIGHTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BREVARD COUNTY, FLORIDA**

Case No:

DAVID TOM,

Plaintiff

v.

PREMIUM MERCHANT FUNDING ONE, LLC

Defendant

RACHEL M. SADOFF
2026 FEB 13 A 8: 36
FILED IN MLB
CLERK OF CIR. CT.
BREVARD CO. FL.

## COMPLAINT AND REQUEST FOR JURY TRIAL

1. Plaintiff, DAVID TOM ("Tom"), brings this action under federal law - the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) ("TCPA").

2. This action is also brought under state law - the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059 as amended by Senate Bill No. 1120 (effective July 1, 2021).

3. This action is brought against PREMIUM MERCHANT FUNDING ONE, LLC, (a New York LLC, hereafter "PMF") and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

4. As the Supreme Court has explained, Americans passionately disagree about many things. The American people are largely united in their disdain for telemarketing calls. The Federal Trade Commission and Federal Communications Commission both



Case # 05-2026-CA-016169-XXCA-BC
Document Page # 2
*40928345*

receive a staggering number of complaints about telemarketers each year. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits telemarketing to cell phones and home phones. Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

5. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227(c)(5), and its implementing regulations, 47 C.F.R § 64.1200 as well as violations of Florida Statutes § 501.059, the Florida Telephone Solicitation Act ("FTSA") as amended by Senate Bill No. 1120 (effective July 1, 2021).

6. This case involves a telemarketing campaign that benefits all Defendants despite not having the required consent to contact Plaintiff, despite not having an existing business relationship with Plaintiff, and by Defendants / agents working on behalf of Defendants failing to immediately identify a true first and last name/company name/beneficiary of such marketing in violation of FTSA and using a spoofed name/caller ID information transmittal in violation of FTSA as well as violations of TCPA.

## JURISDICTION & VENUE

7. This court has subject matter over this action for BOTH Federal and State Claims. Federal claims are pursuant to 47 U.S.C. § 227(c)(5) which reads:

> *(3) PRIVATE RIGHT OF ACTION. —A person who has received more than one telephone call within any 12-month period by or on behalf of the same*

*entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State — (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*

8. This court has jurisdiction over Plaintiff's state law claims under the FTSA. Such claims arise out of the same set of factual allegations as Plaintiff's TCPA claims in this action.

9. With specific regard to federal question claims relating to the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq) – Justice Ginsburg during her service on the U.S. Supreme Court wrote for a unanimous court in *Mims v. Arrow Financial*

*Services, LLC* in 2012 finding that such claims may proceed in state or federal courts as state and federal courts have concurrent jurisdiction in private rights of action.

10. Therefore, this court has jurisdiction over Defendants because this suit arises out of and relates to Defendants having made or caused to be made telephonic sales calls without the requisite prior express written consent in violation of the TCPA and FTSA and specifically targeted a Brevard County, Florida Telephone number which was answered by Plaintiff while physically within Brevard County, Florida.

## **PARTIES AND FACTUAL BACKGROUND**

11. At all times material hereto, Plaintiff is a resident of the State of Florida, is and was a resident of Brevard County, Florida.

12. At all times material hereto, all Defendants in this action are located in New York.

13. Tom maintains a cellular telephone number registered on the Federal do not call list database since June 28, 2003. A true and correct copy of the federal registry inquiry is attached hereto and incorporated herein by reference as **Plaintiff's Exhibit "A".**

14. Tom is and at all times relevant hereto, was an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of the telephone number that received Defendant's telephonic sales call.

## **THEORY OF LIABILITY**

15. Plaintiff receives a large quantity of telemarketing calls daily.

16. These calls are pitching insurance of all varieties, roofing, solar panels, erectile dysfunction medication, offers to sell or buy property, mortgage refinancing,

extended auto warranties, and countless other products and services he has no interest whatsoever in purchasing, or in this case – financing options for a business.

17. There are also text messages that are unsolicited that come in from time to time pitching the same.

18. Plaintiff first was contacted in February of 2022 by PMF pitching merchant cash advance financing from "Zach at Premium" with calls and text messages throughout February – totaling three calls and three text messages. The caller ID stated TELEMARKETER on the phone.

19. Shortly after the calls, Plaintiff sent certified mail to PMF and emailed the company COO, Abe Burger to indicate he did not want to be called and Mr. Burger promised a review after an investigation.

20. After the call with Mr. Burger, another call from PMF came in about an hour later still pitching merchant cash advance proposals at about 510PM on March 2nd.

21. Despite the seemingly productive dialogue, Plaintiff was called again by "Dylan" in July of 2022.

22. Plaintiff emailed Mr. Burger requesting he look into this issue and investigate and explain how the lead was sourced and was provided neither.

23. Another series of calls call came in on or about May and June 2024 from a rep claiming to be from Quick Funds 247 as a branch of PMF with a caller ID reading "PLIVO".

24. Quick Funds 247 requested bank statements to put together a deal, Plaintiff sent bank statements and shortly after Peter Fireman from PMF called stating that he got the statements and was working on a deal.

25. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

26. Text messaging continued in September of 2024 with messages saying "PMF: Hi David the capital you want to secure is this for business expansion or to consolidate current lending debt?"

27. Plaintiff was called again March 8th of 2024 by PMF. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

28. December 2024 Plaintiff was text messaged blasted by PMF pitching reduced rates and long-term business financing.

29. Plaintiff replied "don't text me" and text messages continued to come in. Three messages were sent from 929-723-2608.

30. Plaintiff emailed Mr. Burger yet again for an investigation and explanation and was provided neither.

31. Monday, November 10th 2024 Plaintiff got a text message from PMF from 818-651-8099 pitching unsecured funding up to 5 million dollars and told the rep not to text and the rep texted back his phone number.

32. The caller ID of "818-651-8099" did not identify PMF but rather "Agoura Hills, CA".

33. Plaintiff was called multiple times by "Quick Funds 247" fishing for bank statements and viable lead information to sell on to businesses in PMF's space.

34. Once Plaintiff provided bank statements and answered their questions, agents from PMF reached out stating that they got the information and bank statements and would be ready to prepare a proposal.

35. Therefore, it is logical to conclude that calls made directly by PMF to Plaintiff are violative of TCPA and FTSA as well as the calls made by their marketing partner.

36. Plaintiff estimates that he has gotten at least 20 calls and text messages over the years from PMF and agents working on behalf of PMF.

37. Plaintiff therefore requests damages on 20 calls and text messages violative of TCPA and FTSA as well as failure to produce Do Not Call Policy and failure to transmit correct caller ID information on all calls.

38. Based on plaintiff's multiple requests to not call and text, all violations constitute knowing and willful violations of TCPA and FTSA and plaintiff requests damages as follows:

TCPA – 20 violations of calls and texts at $1,500 each - $30,000

TCPA – Failure to provide Do Not Call Policy - $1,500

TCPA – 20 violations of failure to transmit accurate caller ID information - $30,000

FTSA – 20 violations of calls and or texts at $1,500 each - $30,000

Total: $91,500

**REQUEST FOR A JURY TRIAL**

39. Plaintiff hereby requests a jury trial on all issues so triable.

Dated: 2/12/26,

Respectfully Submitted,

David Tom
For Plaintiff, David Tom - Pro Se
1058 Herne Ave
Palm Bay, Florida 32907
321-725-9212
david.m.tom@gmail.com

Gmail

David Tom <david.m.tom@gmail.com>

---

# National Do Not Call Registry - Your Registration Is Confirmed
1 message

---

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, May 24, 2022 at 7:22 PM
To: david.m.tom@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 0760 on June 28, 2003. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

****************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

PLAINTIFF'S EXHIBIT
"A"